## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

DENARIUS WILLIAMS, Individually
and on behalf of his minor children, D.W.
and J.W., and all others similarly situated                    PLAINTIFFS

v.                                  No. 3:24-cv-113-DPM

CITY OF OSCEOLA, ARKANSAS;
CHARLIE COLLARD, Police Officer,
City of Osceola, Arkansas, Individually
and in his official capacity;  JUSTIN
FAULKNER, Police Officer, City of
Osceola, Arkansas, Individually and in
his official capacity;  MICHAEL
GONZALAZ;  ROBERT "BOBBY"
EPHLIN, Chief of Police, City of Osceola,
Arkansas, Individually and in his official
capacity;  and JOHN DOES 1-10                    DEFENDANTS

### ORDER

This case is about encounters between Denarius Williams and his minor children with Osceola law enforcement officers and, more broadly, how that City accommodates (or not) folks who, like the Williamses, have disabilities. The Court directs the Clerk to update the docket: Williams also asserts official capacity claims against the three defendant officers. The lawsuit is two years old this month. It recently came to me by random reassignment after Brother Rudofsky's recusal. A settlement conference before Chief Magistrate Judge Kearney is

scheduled for next month.  Under the  Second Amended Final Scheduling Order, discovery closes in August, while a jury trial is set for January 2027.  There are three current motions:  Williams moves to supplement his complaint with new claims resulting from an April 2026 encounter with police officers;  he seeks a preliminary injunction; and he seeks class certification.  The Osceola defendants oppose each motion.

*

Williams's motion to supplement is granted as modified.  Fed. R. Civ. P. 15(d).  The circumstance is not common, but the record presents a later-happening dispute between Williams, the City, and a new police chief, who has since resigned.  There was no delay, or bad faith, in seeking to supplement.  The disability-related claims overlap to some extent.  While the excessive-force claim involves the new chief, too, the retaliation and speech claims are rooted in the original encounter.  This suit is far along;  but as between starting over in a new, partly duplicative case and extending this older one, the Rule's preference for combining related claims tips the balance.  Any potential trial-related prejudice from injecting the April 2026 events into the existing case can be addressed with limiting instructions and interrogatories for each claim tried.  Plus, the Scheduling Order must be amended in any event because a full week of hearings prevents me from keeping the current trial date.  Based on all the material circumstances, supplementation is

best. Fed. R. Civ. P. 15(d). The modification: For clarity, Williams must bring all his claims together in one pleading, a supplemental class action complaint.  (The Court also directs Williams to correct the spelling of defendant Gonzalez's name in that pleading.)

*

Williams requests a preliminary injunction ordering Osceola to do three things:

- Hold mandatory Americans with Disabilities Act training for all officers and police department personnel within thirty days.  The training must cover (among other things) recognizing disabilities, the accommodation obligation, and the impropriety of removing a person from a wheelchair absent exigent circumstances;

- Stop transporting persons with disabilities in vehicles not equipped to move wheelchair-users (and others with mobility impairments) and start transporting all those persons in an ADA-accessible vehicle with proper tie-downs and restrain systems;  and

- Report to the Court within sixty days that it has complied.

*Doc. 29 at 10–11.* While the record is incomplete in some ways, there's no material fact in dispute;  no hearing is necessary. *United Healthcare Insurance Co. v. AdvancePCS*, 316 F.3d 737, 744–45 (8th Cir. 2002) (Morris S. Arnold, J.).  Williams's motion is denied without prejudice.

*First*, the Court doubts Williams's standing. *First Choice Women's Resource Centers, Inc. v. Davenport*, No. 24-781, slip op. at 5–6 (U.S.

–3–

29 April 2026). Whatever may be his injury from the 2024 encounter, an injunction is about the future. He must show a certainly impending threatened injury, not just a possible future injury. *Sessler v. City of Davenport*, 990 F.3d 1150, 1156 (8th Cir. 2021). Since 2024, Williams has been involved in three other encounters with law enforcement. Though cited at least once, he hasn't been transported again. Two years have passed. Any future injury is hypothetical.

*Second*, if Williams has standing, the familiar factors weigh against injunctive relief. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

He has a solid case on at least some of his claims. Excessive force may have been used on him, his daughter, or his son in 2024, 2026, or both. More ADA-related training, for example, may be justified. Osceola's jail facilities may need tuning up. But it's not clear that every police department in every small town must have an ADA-compliant van on call. (This merits issue goes to the equities, too, which the Court considers below).

Is any future harm irreparable? No. The law compensates injury with money damages. And while any violation of law is a harm, our law frowns on "follow the law" injunctions. *Daniels v. Woodbury County*, 742 F.2d 1128, 1134 (8th Cir. 1984); *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir. 1987).

–4–

The balance of the equities and the public interest merge. *Eggers v. Evnen*, 48 F.4th 561, 564–65 (8th Cir. 2022). Williams relies primarily on an encounter that occurred two years ago. The calendar works against his new request for some immediate relief. The recent slapping incident, while not documented of record with a video, is shocking. There may be more to that story, though. Williams hasn't offered evidence that all or most Osceola officers are so inclined. And the video of Williams's arrest during the 2024 encounter is neither complete nor unequivocal about how he was removed from his wheelchair and put in the pick-up.

Understandably troubled by the recent April 2026 encounter, Williams seeks to win part of his case with extraordinary relief that would alter the status quo. The Court must be particularly careful about accepting that kind of invitation. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Having weighed all the material considerations, the Court denies Williams's request for preliminary injunctive relief without prejudice.

*

Williams's motion to certify a Rule 23(b)(2) class for injunctive and declaratory relief is also denied without prejudice. *Avritt v. Reliastar Life Insurance Co.*, 615 F.3d 1023, 1035–37 (8th Cir. 2010). It's unclear how many people who use wheelchairs and other mobility devices there are among Osceola's approximately 7,000 citizens. Numerosity

hasn't been established.  The Court also has some doubts about commonality:  Encounters with law enforcement vary widely.  It's unclear how many of these folks are either engaged with inappropriately, transported to the jail, or both.  Williams proffers four common issues, but they're quite general.  The Osceola defendants raise and argue many obstacles to class treatment.  It also gives the Court pause that relief for Williams, if he prevails, may provide relief for all on the general issues raised.  In other words, why is a class needed?  The Court prefers to address certification on a more-complete record and focused briefing.

*

Motion, *Doc. 26*, granted as specified.  Amended and supplemented complaint due by 2 July 2026.  Motions, *Doc. 28 & 30*, denied without prejudice.  The Second Amended Final Scheduling Order, *Doc. 25*, is vacated.  A Third Amended Final Scheduling Order will issue.  By 2 July 2026, the parties must advise Chief Magistrate Judge Kearney and me whether they want to go forward with the settlement conference in mid-July or postpone it until after some discovery is done on the new claims.  Because the new issues seem discrete and fairly clear, the Court encourages the parties to hold the conference as planned.

–6–

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

23 June 2026